CLARK *v.* NETZORG.

1. DEEDS—INTERLINEATION—QUIETING TITLE.

In a suit to quiet title to land, the finding of the court below that an interlineation in a deed, inserting wife's name, so that husband and wife were named as grantees, creating an estate by the entireties, was made prior to the execution of the deed, *held*, supported by a preponderance of the evidence.

2. SAME—DELIVERY.

The finding of the court below that the scrivener, with whom a deed had been left, afterwards delivered it to grantee at grantor's request, *held*, supported by a preponderance of the evidence.

3. SAME—LIFE LEASE—CONDITION PRECEDENT—PASSING OF TITLE.

Where a deed of a farm from a mother to her son contained a provision for the execution by him to her of a life lease, but the deed remained with the scrivener undelivered for more than 20 years, and in the meantime she was receiving from the son the full rental value of the farm, the fact that the deed was afterwards delivered at her request without requiring execution of the life lease did not prevent title passing to the son with the delivery of the deed.

Appeal from Gratiot; Searl (Kelly S.), J. Submitted April 2, 1929. (Docket No. 7, Calendar No. 34,206.) Decided June 3, 1929.

Bill by Leslie E. Clark against Gertrude E. Netzorg and others to quiet title to land. From decree for plaintiff, defendant Gertrude E. Netzorg appeals. Affirmed.

*John S. Tennant* (*O. G. Tuttle,* of counsel), for plaintiff.

*Ernest C. Smith,* for appellant.

SHARPE, J. On February 2, 1900, Reuben S. Spangler and Hanna M. Spangler, his wife, conveyed the land in question in this suit to Reuben R. Clark and Barbary M. Clark, his wife, by warranty deed. The words "and Barbary M. Clark, his wife" were interlined therein. The trial court found the fact to be that such interlineation was made prior to the execution of the deed by the grantors. It was recorded on March 18, 1901, but the interlineation was omitted therefrom. On discovery of this fact by plaintiff, it was re-recorded on October 4, 1927.

Reuben R. Clark departed this life on May 19, 1904. On December 22, 1904, Barbary Clark, "in her own right as well as survivor in estate of joint tenancy with Reuben R. Clark," conveyed the land to the plaintiff herein. This deed provided that plaintiff should execute and deliver to Barbary, his mother, a life lease thereof, and also should, on or before her death, pay to the defendants, his three sisters, the sum of $150 each. Barbary died on May 29, 1927. Plaintiff tendered to appellant the $150, and, on her refusal to accept, filed the bill of complaint herein, paid the $150 into court, and prays for a decree quieting his title to said land.

1. The finding of the trial court that the deed to Reuben R. and Barbary M. Clark contained the interlineation at the time it was executed is supported by the preponderance of the evidence.

2. It is undisputed that Barbary executed the deed to plaintiff in 1904, and left it with the scrivener, Mr. Goodwin. Counsel for appellant contends that the proof does not justify the finding of the trial court that Goodwin delivered it to plaintiff at his mother's request in 1925. Goodwin so testified. His testimony is in no way impeached, nor does it

appear that he has any interest in the controversy. It does appear that the mother was at that time living with the appellant at her home in Traverse City. During a part of the time she was in ill health, but, while aged, it does not appear that she was incompetent. She had lived with the plaintiff after the father's death in a home in Carson City, and afterwards upon the land in question until 1912. The proofs justify the finding that while living with the appellant she received from the plaintiff "the full rental value of the land." While there is testimony tending to negative the fact of delivery, we are of the opinion that the finding by the trial court, who heard and saw the witnesses, is supported by the preponderance of the evidence.

3. It is urged that the provision in the deed that plaintiff should execute and deliver to his mother a life lease of the farm was a condition precedent to title passing to him thereunder. Title did not pass to plaintiff until delivery of the deed to him in 1925. In the meantime, he had been farming the land and paying to her its fair rental value, under which she received all that a life lease would have entitled her to. She had reached an advanced age at the time she instructed delivery to be made to the plaintiff, and doubtless felt assured that she would receive such rental value thereafter. That she did not at that time insist on plaintiff's giving her the life lease is not a sufficient reason for holding that title did not pass to him.

The other questions discussed have been considered, but do not seem to merit discussion.

The decree is affirmed, with costs to plaintiff and appellee against the appellant.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.